UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CHRISTOPHER WAYNE HOLDER #628962     CIVIL ACTION NO. 23-cv-714 SEC P

VERSUS     JUDGE S. MAURICE HICKS, JR.

TIM HOOPER     MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Christopher Wayne Holder ("Petitioner") filed this habeas corpus proceeding to challenge his state court conviction. His guardian served subpoenas on the court reporter and District Attorney that demanded they produce the transcript of a certain hearing, audio/video recordings of a hearing, any records relating to the setting of a certain hearing, and any records relating to the setting of an evidentiary hearing at any time in the state court proceeding.

The court reporter and DA filed a **Motion to Quash (Doc. 19)** on the grounds that the subpoenas were deficient for lack of a signature and were substantively deficient. They argued that no hearing occurred on the date specified by Petitioner and that the recordings of the state court proceedings are not public records, as has been established in state court litigation filed by Petitioner in an earlier effort to obtain the recordings.

It appears that Petitioner attempted to cure the lack of a signature by serving new subpoenas signed by his guardian. He asserted that, "An evidentiary hearing was held and the trial court denied relief on August 25, 2020 in a written ruling." He asked the court reporter and the DA to produce all of the emails, data entry correspondence, calendars, and

other documentation regarding that hearing. The court reporter and DA filed a second **Motion to Quash (Doc. 24)** that objected to the signature on the subpoena by a non-party, notes that the hearing is still not identified with specificity, and argued that the request is far overbroad so that it would be exceedingly burdensome and expensive to search for and produce the many items requested.

Petitioner filed a **Motion for Extension of Time (Doc. 26)** to respond to the motions to quash. The motion is **denied** because the subpoenas are facially premature and there is little chance that any discovery would be permissible even if the prerequisites had been attempted by Petitioner. The motions to quash will be granted for the reasons that follow.

Rule 6 of the Rules Governing Section 2254 cases in the United States District Courts requires leave of court for a party to conduct discovery in habeas proceedings. It provides that a judge may, for good cause, authorize a party to conduct discovery and may limit the extent of discovery. A party who requests discovery must provide reasons for the request and specify any requested documents.

Petitioner did not seek leave of court before issuing discovery subpoenas, and his filings do not demonstrate good cause for engaging in discovery. The federal court does not retry a state criminal case. The federal court's role on habeas review is ordinarily limited to a review of the material in the state court record. Cullen v. Pinholster, 131 S.Ct. 1388 (2011) (habeas "review under § 2554(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits").

The court is still reviewing the petition and amended petition, along with other materials submitted by Petitioner, to assess whether state court remedies were exhausted,

the petition is timely, the petition is subject to a procedural bar, and the like. After that preliminary assessment is completed, and assuming the petition passes muster, the court will issue an order that directs the State to file a response to the petition. That response will include a certified copy of the state court record. This court's assessment of the habeas claims on the merits will then likely be based on the material in that record. The court will likely be unable to consider any other documents, recordings, or other material such as is sought by Petitioner. It is ordinarily reversible error for a federal district court to receive other evidence or hold a federal hearing to flesh out a habeas claim. Pape v. Thaler, 645 F.3d 281, 288 (5th Cir. 2011).

Petitioner did not obtain leave of court to conduct discovery, and there is no apparent basis for good cause to allow such discovery, particularly at this stage of the case. It is extremely rare that any discovery would be allowed in a Section 2254 habeas proceeding given the holding in Pinholster that review is ordinarily limited to the state court record that was before the state court when it rendered its decision. For these reasons, the **Motions to Quash (Docs. 19 & 24)** are **granted**, and the court reporter and DA are not obligated to respond to the subpoenas. The record contains a letter (Doc. 22) that indicates a similar subpoena was served on the Bossier Parish Clerk of Court. For similar reasons, the Clerk of Court is also not required to respond to the subpoena.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 18th day of March, 2024.

Mark L. Hornsby
U.S. Magistrate Judge